# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

GERRY LAWSON                                                                 PLAINTIFF

v.                                                             CIVIL ACTION NO. 3:17-CV-P668-GNS

LOUISVILLE JEFFERSON CTY.
METRO GOV'T. *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Gerry Lawson leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff brings this action against the Louisville Jefferson County Metropolitan Government ("Louisville Metro Government" (LMG)) and five individuals in both their official and individual capacities - Louisville Mayor Greg Fischer; Dan Goyette, Executive Director of the Louisville Metro Public Defenders' Office; Leo Smith, supervisor at the Louisville Metro Public Defenders' Office; and Mike Lemke and Matt Weyand, Plaintiffs' attorneys from the Louisville Metro Public Defenders' Office.

Plaintiff states that, in 2013, he was arrested and charged with murder and arson. He writes that he has a long history of mental illness and has been prescribed medication for such. Plaintiff then alleges that when he "went to trial" in June 2017, Defendants Lemke and Weyand, his public defenders:

> deliberately made sure that [Plaintiff] didn't have a pre-trial hearing, so he could suppress evidence and whether certain individual can testify. It was unfair to

[Plaintiff] and he could not have a fair trial. Without being able to suppress evidence, the jury would think all the evidence in front of them was use in the crime. Which was unfair to [Plaintiff], being that [Plaintiff] had "mental issue" he was not aware of the procedure in the courtroom.

Plaintiff continues:

"Due Process:" The right of the individual to be aware of the evidence against him. If they would have presented all the evidence against [Plaintiff] at a pre-trial hearing, [Plaintiff] could suppress the evidence that did not contain to him so the jury would know he was not guilty. And he might would have had a fair trial. "Due Process:" further command that defendant have the right to call there own witnesses, mount their own evidence and present their own theory of fact. In order to properly mount a defense, the prosecution must turn over all the evidence against the defendant have a pretrial access to question the prosecution's witnesses. [Defendants] Lemke and Weyand knew [Plaintiff] had "mental issue" and was not aware of the procedure in the court room. So they "Deliberately Violated" his "Due Process."

Plaintiff claims that these actions by Defendants Lemke and Weyand violated his Fifth and Fourteenth Amendment rights.

Plaintiff further claims that Defendants Lemke and Weyand violated his Sixth Amendment "right to a fair trial" because they were "ineffective lawyers" who provided "inadequate representation." To support this claim, Plaintiff alleges that these Defendants did not investigate "forensic evidence;" did not investigate the evidence that was "put in from of him in the courtroom"; did not object to harmful evidence or statements made against [Plaintiff]; did not "say anything about [Plaintiff]'s DNA"; and did not produce any of [Plaintiff]'s medical records regarding his "mental issue."

Finally, Plaintiff states that he "got 70 years for not understanding what was going on in the courtroom. I bet his two lawyers laughing at him right now. . . . They knew they could take advantage of him. . . . They like to cut corner in the court room at the expense of other people, knowing that their client might go to prison."

Plaintiff claims that these Defendants' treatment of him also violated his Eighth Amendment right to be free from cruel and unusual punishment.

As relief, Plaintiff seeks compensatory and punitive damages and well as "charges drop" and "release from Jail."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia*

*Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Claims Barred by the *Heck* Doctrine

The Court finds that Plaintiff's claims for damages should be dismissed because they effectively challenge the validity of his conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

4

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87. Here, Plaintiff alleges that his constitutional rights were violated because he did not receive a fair trial, due process, or the effective assistance of counsel during his criminal trial. However, were Plaintiff to succeed on these claims, the validity of Plaintiff's underlying conviction would necessarily be implicated. *See, e.g.*, *Perez v. Cuomo*, No. 09-CV-1109, 2009 U.S. Dist. LEXIS 33290, at *19 (E.D.N.Y. Apr. 20, 2009) ("A § 1983 claim for the violation of the due process right to a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction."); *Ali v. Devries*, No. 08-3035 (JAG), 2008 U.S. Dist. LEXIS 49728, at *10 (D.N.J. June 30, 2008) (finding claim for monetary damages based upon denial of due process and a fair trial in violation of the Fourteenth Amendment barred by *Heck*); *Peoples v. Barrett*, No. 05-CV-40395-FL, 2006 U.S. Dist. LEXIS 2784, at *4 (E.D. Mich. Jan. 17, 2006) (holding that an ineffective assistance of counsel claim is barred by *Heck* because it addresses the validity of the conviction).

Thus, Plaintiff's § 1983 claims for damages based upon a denial of his constitutional rights to due process, a fair trial, and the effective assistance of counsel must be dismissed in light of *Heck* because he has not demonstrated that his conviction or sentence has previously been invalidated.

### B. Injunctive Relief

Plaintiff also requests that his charges "be drop" and that he be "release from Jail." This Court has no authority to interfere in state-court criminal proceedings to dismiss pending charges, except in very limited circumstances not present in the instant case. *Younger v. Harris*, 401 U.S. 37 (1971); *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *Fieger v. Thomas*, 74

F.3d 740, 743 (6th Cir. 1996). Moreover, to the extent that Plaintiff's requests release from custody, this is not an available remedy under § 1983. *Heck v. Humphrey*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983"). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Thus, Plaintiff's requests for injunctive relief will also be dismissed for failing to state a claim upon which relief may be granted.

## C. Defendants

### 1. Defendant Louisville Metro Government

Plaintiff states Defendant LMG "for all times relevant to this complaint was responsible for the ordinance, policies, procedures that govern the laws of the U.S. Constitution in the Commonwealth Court House." He further states that Defendant LMG "is accountable for all the procedure of the law being done right so that an individual can have a fair trial in the Commonwealth of Kentucky courtrooms."

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his

particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff fails to allege that an LMG custom or policy was the "moving force" behind the alleged violations of his constitutional rights. The complaint, therefore, fails to state a claim against Defendant LMG. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

### 2. Defendant Louisville Mayor Greg Fischer

Plaintiff sues Defendant Mayor Fisher in both his official and individual capacities. He specifically states that he is suing Defendant Mayor Fisher in his "policy making/supervisor capacity as the Mayor of Louisville." Plaintiff claims that Defendant Mayor Fisher is responsible "for how the peoples in Louisville are being treated unfairly at the Commonwealth of Kentucky Court House." He further states: "The Mayor is responsible for each individual well-being. . . . He is in charge of the city. He should make sure each individual has a fair trial."

Plaintiff's claims against Defendant Mayor Fischer in his official capacity are actually against the Mayor's employer, Defendant LMG. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)); *see also Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerks employer, the county). Thus, Plaintiff's official-claims against Defendant Mayor Fischer must be dismissed for the same reasons that his claims against Defendant LMG were dismissed – because he has not alleged an LMG custom or policy was the "moving force" behind the alleged violations of his constitutional rights.

7

Plaintiff claims against Defendant Mayor Fischer in his individual capacity also fail. Plaintiff indicates that he seeks to hold Defendant Mayor Fischer liable in his "supervisory role" for the alleged deprivation of his constitutional rights. However, Plaintiff has not alleged that any employee of Defendant Mayor Fischer violated his rights. Moreover, even if had, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

For these reasons, the Court will dismiss Plaintiff's claims Defendant Mayor Fischer for failure to state a claim upon which relief may be granted.

### 3. Public Defender Defendants

The remaining Defendants – Defendants Goyette, Smith, Lemke, and Weyand – are all employees of the Louisville Metro Public Defenders' Office. Plaintiff seeks to hold Defendants Lemke and Weyand, his court-appointed attorneys, liable for their alleged violations of his constitutional rights during his criminal trial. These claims fail because it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of §1983. *See Polk Cty. v. Dodson*, 454 at 325 (concluding that a public defender does not act under color of state law for purposes of § 1983); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.")

Plaintiff seeks to hold Defendant Goyette, the Executive Director of the Louisville Metro Public Defenders' Office, and Defendant Smith liable as the supervisors of Defendants Lemke and Weyand. Plaintiff writes that Defendant Goyette "is in charge of everybody that work for him. He should be responsible for what all his employee are doing so he can correct them."

8

With regard to Defendant Smith, Plaintiff states that he is the supervisor of Defendants Lemke and Weyand and "should be held responsible for what his employee do. He is in charge of them." Plaintiff's claims against these Defendants fail because, as explained above, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d at 80-81; *Bellamy v. Bradley*, 729 F.2d at 421 (6th Cir. 1984).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action. The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: December 21, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4416.011

9